UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Demarko Williams, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:23-CV-05477 |
| v. | ) | |
| | ) | Honorable Edmond E. Chang |
| Dexter Keith, *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

The Defendants have motion to dismiss the second amended complaint. The Court accepts the allegations in the pleading as true, construing Demarko Williams' *pro se* complaint liberally. *See, e.g, Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam). But even reading the complaint expansively, it must be dismissed because Williams filed the suit long after the expiration of the statute of limitations.

On September 7, 2017, Williams was on pretrial electronic home monitoring for a state court case. R. 32, Second Am. Compl. at 4. Sheriff's Deputies Keith and Nichols came to his residence and "upon [their] search of [Williams'] residence for [his] presence and not locating [him]," the deputies confiscated his electronic home monitoring equipment and then "fabricated" reports stating that Williams was not in his assigned location. *Id.* Williams alleges that he was "within the property boundaries of my residence."[1] *Id.* The deputies then allegedly used these fabricated reports to obtain an arrest warrant, leading to Williams' arrest on October 2, 2017. *Id.*

---

[1]The Illinois Appellate Court opinion reversing Williams' conviction explains the facts as found at his trial. *People v Williams*, 228 N.E.3d 800, 802–04 (Ill. App. Ct. 2023). Although the Court takes judicial notice of the underlying criminal proceedings, the judgments that were issued, and the facts that the parties do not dispute, judicial notice does not blanketly apply to facts found at the trial because (absent issue preclusion) some facts are disputable. or as presented in the Illinois Appeals Court opinion. *See General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1082 n.6 (7th Cir. 1997) ("courts generally cannot take notice

Williams was detained in Cook County Jail from October 2, 2017, until March 29, 2018, when he was convicted of escape after a trial. Second Am. Compl. at 4–5. He was sentenced on May 15, 2018, to 10 years of imprisonment "without probable cause." *Id.* But the escape conviction was later reversed by the Illinois Appellate Court on April 7, 2023, which concluded that there was insufficient evidence that Williams knew that being in a different part of the same apartment building would violate the electronic home monitoring agreement. 228 N.E.3d at 805–06.

Williams filed this federal lawsuit on August 8, 2023. R. 1. Eventually, Williams filed a second amended complaint. R. 32. The Court screened the pleading, 28 U.S.C. § 1915A, and dismissed several claims and defendants—but allowed Williams to proceed on claims of wrongful arrest and wrongful pretrial detention against Defendants Keith, Nichols, Norton, and Smith. R. 23 at 11.

Now, with adversarial presentation, the Defendants argue that the remaining claims were filed long after the expiration of the limitations period. It is true that the statute of limitations is an affirmative defense, so a plaintiff need not plead around it in a complaint. But if there are no factual disputes pertinent to the limitations defense, then the proper way to analyze a dismissal motion invoking the statute of limitations is as a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012) (citing *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009)). When the limitations is apparent on the face of the complaint, it is proper to dismiss it. *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002).

Federal courts apply the forum state's statute of limitations for personal injury claims. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Illinois, that period is two years. *Smith v. City of Chicago*, 3 F.4th 332, 335 (7th Cir. 4 2021) (citing 735 ILCS 5/13-202). Federal law dictates when a claim accrues, which is "when the plaintiff has a complete and present cause of action." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Here, the statute of limitations problem is evident from the face of the second amended complaint.

---

of findings of fact from other proceedings for the truth asserted therein because these findings are disputable and usually disputed.").

Williams filed this suit on August 8, 2023. His false-arrest claim accrued when he was "bound over for trial." *Wallace*, 549 U.S. at 387.[2] He first appeared in state court on his criminal charges on October 3, 2017, meaning that the false-arrest claim would have been timely only if it was filed by October 3, 2019. R. 50 at 4 (citing Cook County Case No. 17-110566801). So the false-arrest claim's filing in August 2023 came almost four years after the expiration of the limitations period. The claim is clearly time-barred.

To resist this, Williams responds that a "constitutional violation has no limitation." R. 59 at 2. That is a poetic turn of phrase but is not a correct legal principle given the Supreme Court's instruction in *Wallace* on when a false-arrest claim accrues. So, on the face of the complaint, Williams has "alleg[ed] facts sufficient to establish the complaint's tardiness." *Cancer Found., Inc. v. Cerberus Capital Management., LP*, 558 F.3d 671, 674-75 (7th Cir. 2009); *see Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009) (affirming dismissal of § 1983 claim due to statute of limitations at the pleading stage); *Milchtein v. Milwaukee Cty.*, 42 F.4th 814, 823 (7th Cir. 2022) (affirming dismissal at pleading stage based on the limitations expired because the "the plaintiff's allegations establish that the statute of limitations bars recovery").

Perhaps Williams believed that he could not file the false-arrest claim until his conviction was reversed or the prosecution otherwise was favorably terminated. But he did *not* require a favorable termination of his conviction to bring a claim for false arrest. The Supreme Court in *Wallace* rejected the argument that a false-arrest claim could not accrue until termination of the proceedings in the plaintiff's favor. 549 U.S. at 393–94. The Supreme Court rejected a rule "that an action which would impugn *an anticipated future conviction* cannot be brought until that conviction occurs and is set aside," citing the obvious impracticality of such a rule, which would require speculation as to "whether a prosecution will be brought, whether it will result in conviction, and whether the pending civil action will impugn that verdict." *Id.* Nor would any claim have been tolled after conviction due to *Heck*, a notion the Supreme Court likewise rejected in *Wallace*. *Id.* at 394-95.

---

[2]Even if the Court treats the date (May 15, 2018) that his pretrial detention ended as the date of accrual, *see Manuel v. City of Joliet*, 903 F.3d 667, 669 (7th Cir. 2018) ("the wrong of detention without probable cause continues for the length of the unjustified detention"), this case was still filed almost five years too late in August 2013.

3

Given the insurmountable limitations problem, the complaint is dismissed. In light of the nature of the statute of limitations defense, there is no way to fix the complaint, so the dismissal is with prejudice. Final judgment will be entered. If Williams wishes to appeal, then he must file a notice of appeal with this Court within 30 days of the entry of judgment. *See* Fed. R. App. P. 4(a)(1). If he appeals, then he will be liable for the $605 appellate filing fee regardless of the appeal's outcome. *See Evans v. Ill. Dep't of Corr.*, 150 F.3d 810, 812 (7th Cir. 1998). If the appeal is found to be non-meritorious, then he also could be assessed a "strike" under § 1915(g).

                          ENTERED:

                          s/Edmond E. Chang
                        Honorable Edmond E. Chang
                        United States District Judge

DATE: September 26, 2025